UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUIS SANTIAGO,                                 **SECOND AMENDED COMPLAINT**

                      Plaintiff,                    Index No.: 13 CV 06434 (ENV)(MDG)

      -against-

THE CITY OF NEW YORK,                    **JURY TRIAL DEMANDED**
LIEUTENANT JAMIEL ALTAHERI, #934385,
SERGEANT JOHN JACKSON # 930408,
POLICE OFFICER JEFFREY GRYZ, #941855
POLICE OFFICER JOSE ALEGRE, # 937957,

                      Defendants.
-------------------------------------------------------------X

The Plaintiff, complaining of the defendants, by her attorney, AMY MARION, ESQ., respectfully shows to this Court and alleges that he suffered abuse and sustained injury at the hands of the above defendants.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and arising under the laws and statutes of the State of New York..

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## JURY DEMAND

7. Pursuant to the Seventh Amendment of the United States Constitution, Mr. Santiago requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

8. At all times hereinafter mentioned, the Defendant City of New York (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times relevant and all times mentioned herein, the defendant City of New York, its agents, servants and employees operated, maintained and controlled THE NEW YORK CITY POLICE DEPARTMENT (NYCPD), including all the police officers thereof and at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times relevant and all times mentioned herein, defendants Lieutenant Jamiel Altaheri, who at the time of this incident was a Sergeant, Sergeant John Jackson, Police Officer Jeffrey Gryz, and Police Officer Jose Alegre were employed by the defendant, CITY OF NEW YORK, as police officers in New York City, New York.

11. This action arises under the Constitution of the United States, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United

States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

12. Each and all of the acts of the defendants alleged herein were performed by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

## STATEMENT OF FACTS

13. During the early morning hours of April 20, 20ll, the Plaintiff, Mr. Santiago was walking to his local market/bodega in the vicinity of 2936 Avenue W, County of Kings, State of New York.

14. At this time and in an around this location Mr. Santiago was stopped, arrested, apprehended and unlawfully and falsely charged with gang assault in the first degree, assault in the first degree, robbery in the first degree and other lesser and related charges in violation of New York State's Penal Law.

15. The victim and complaining witness never stated that Mr. Santiago committed these crimes or had any involvement in the assault and robbery perpetrated upon him.

16. It was one of the defendant Officers under the supervision of defendant Sergeant Jackson who stated to the victim/complaining witness that Plaintiff was one of his assailants, even though the officers were not witnesses to any of the events that occurred and even though the witness/victim could not identify and did not identify the Plaintiff as one of his assailants.

17. The charges against Mr. Santiago were dismissed eleven months after they were initiated against him, on March 5, 2012.

## DAMAGES

18. Plaintiff incurred mental anguish, emotional distress and injury.

19. Plaintiff was incarcerated for two days.

20. Plaintiff suffered humiliation, embarrassment and damage to his reputation.

21. Plaintiff was suspended from his job for eleven months without pay due to his arrest; he suffered economic loss and loss of opportunity for advancement in the workplace.

22. Plaintiff was required to pay legal expenses for the criminal prosecution and he was otherwise injured.

## FIRST CAUSE OF ACTION

## FALSE ARREST CLAIM

23. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

24. That the Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that Plaintiff was illegally seized.

25. That the said acts, were caused by the defendants without any legal justification.

26. That the defendants caused the confinement of Plaintiff, that the defendants intended to confine Plaintiff, that Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

27. That the said seizure and unlawful detention was caused by the defendants acting without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

28. That by reason of the unlawful seizure, the Plaintiff incurred emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, damage to his reputation and he was otherwise injured.

29. That by reason of the aforesaid, the Plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

## MALICIOUS PROSECUTION CLAIM

30. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

31. The defendants, despite knowing that probable cause did not exist to arrest and prosecute Plaintiff, acted individually and in concert to cause Plaintiff to be arrested and prosecuted. The defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983.

32. Specifically, defendants knew or in the absence of their deliberate and reckless indifference to the truth, should have known that probable cause did not exist to arrest and prosecute Plaintiff.

33. The defendants' acts were shocking and were performed by the defendants with deliberate and reckless disregard for the truth and with malice.

34. In fact, the charges against Plaintiff were dismissed. The prosecution was terminated in Plaintiff's favor.

35. Defendants' actions to deprive Plaintiff of his liberty without probable cause were in violation of clearly established constitutional law and no reasonable law enforcement authority would have believed that the defendants' actions were lawful.

36. As a direct and proximate result of defendants' actions, Plaintiff was wrongly prosecuted and suffered injuries and damages as set forth above.

37. That by reason of the malicious prosecution, Plaintiff incurred mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which he is entitled to monetary relief.

38. That by reason of the aforesaid, the Plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### THIRD CAUSE OF ACTION

### FAILURE OF UNIDENTIFIED NYPD OFFICERS IN THEIR AFFIRMATIVE DUTY TO INTERVENE

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

40. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the individual defendants.

41. That there exists a duty for defendant police officers to intervene to prevent the preventable violation of civil rights taking place in their presence when there is a reasonable opportunity to do so.

42. That such opportunity existed for defendant officers in the instant case.

43. That defendant officers, by failing in their affirmative duty to intervene is responsible for the violations of the plaintiff's Fourth and Fourteenth Amendment rights.

44. That by reason of the unlawful and false accusations, the plaintiff incurred physical, emotional and pecuniary harms, suffered humiliation, mental anguish, and embarrassment, and he was otherwise injured.

45. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## FOURTH CAUSE OF ACTION

## SUPERVISOR LIABILITY

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

47. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the Unidentified Officers who were supervisors, monitors and overseers of the officers who violated and abused plaintiff's rights.

48. That these defendant officers who were supervisors, had actual and constructive knowledge of false arrest, accusations and charges being mounted against individuals in gang and/or multiple offender assaults.

49. That the defendant supervisors did cause the plaintiff's harms by failing to take defendant officers off of the streets and by permitting them to continue to be in a position to commit constitutional violations.

50. That the defendant supervisors were grossly negligent in their managing of their subordinates, in their conducting of their investigations, in their monitoring of their subordinates, and in their failing to discipline their subordinates.

51. That after conducting a full investigation and after realizing that there was no identification of Plaintiff as an assailant, defendant officers were obviously acting under a policy and custom of tolerating, covering up, and/or ignoring such aberrant and unconstitutional conduct. That by reason of the unlawful conduct, the plaintiff incurred physical, emotional and

pecuniary harms, suffered humiliation, mental anguish, embarrassment, and he was otherwise injured.

52. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## FIFTH CAUSE OF ACTION

## MONELL CLAIM

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

54. That the plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the defendant City of New York.

55. Defendant City of New York, the unidentified defendant supervisors committed unlawful acts in failing to properly investigate criminal allegations, in failing to report unlawful and unconstitutional conduct of one of their subordinates, and in covering up the criminal conduct of falsifying charges brought about by one of their officers.

56. The decision and inaction of the Defendant City of New York and the unidentified defendant supervisors demonstrates a clear showing of deliberate indifference in that their inaction constitutes a deliberate choice, and such acquiescence constitutes a policy or custom.

57. The decision and inaction of the Defendant City of New York and the unidentified defendant supervisors was clearly the result of a conscious choice and not mere negligence.

58. Defendant the Defendant City of New York and the unidentified defendants who were supervisors, monitors, overseers and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's Constitutional rights under the constitution and the laws of the United States, in that they failed to adequately monitor, discipline, train, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

59. Defendant the Defendant City of New York and the unidentified defendants who were supervisors, monitors, overseers and final decision makers as a matter of policy and practice, have continually and repeatedly failed to discipline and retrain officers as a result of investigations which have resulted in charges being brought and then being dismissed based upon false allegations being brought as a result of clearly false identifications being made or no actual identification being by made, but being claimed to have been made.

60. Such reckless disregard for and deliberate indifference to their own internal policing and monitoring was an undeniable and clear indication that constitutional deprivations would result from the policy and practice of failing to properly conduct internal investigations and allowing for investigations to be terminated without any further investigation, action, discipline, and/or re-training in proper identification processes and procedures for show-up identifications.

61. That by reason of the City's policy, practice and custom of conducting inadequate investigations, failing to properly train officers in identification procedures and specifically street identification procedures, the plaintiff was caused to suffer a false arrest and a malicious prosecution at the hands of one of the City's own subordinates and as a result the plaintiff

suffered physical, emotional and pecuniary harms, suffered humiliation, mental anguish, embarrassment, and he was otherwise injured.

62. That by reason of the aforesaid, the Plaintiff has each been damaged in a sum to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That the Court award compensatory damages to him and against the defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to him, and against all defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For a pre-judgment and post-judgment interest and recovery of his costs; and

E. For any and all other relief to which he may be entitled.

Dated: April 15, 2014
Garden City, New York

BARKET MARION EPSTEIN & KEARON, LLP

By: /s/ Amy Marion
Amy Marion, Esq.
Attorneys for Plaintiff
666 Old County Road-Suite 700
Garden City, N.Y. 11530
(516) 745-1500